In the Matter of the Application of the BOARD OF WATER
SUPPLY OF THE CITY OF NEW YORK to Acquire Real
Estate.

SADIE BULEY et al., Appellants; THE CITY OF NEW YORK,
Respondent.

*Matter of Board of Water Supply, N. Y. City*, 158 App. Div. 116,
affirmed.
   (Argued October 21, 1913; decided October 31, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
July 18, 1913, which affirmed an order of Special Term
denying a motion for an allowance for counsel fees.

*Harrison T. Slosson* for appellants.

*Archibald R. Watson*, Corporation Counsel (*Amasa
J. Parker, Jr.*, and *William McM. Speer* of counsel), for
respondent.

Order affirmed, with costs; no opinion.
   Concur: CULLEN, Ch. J., GRAY, WERNER, COLLIN,
CUDDEBACK, HOGAN and MILLER, JJ.

---

C. ADELBERT BECKER, Appellant, *v.* MAGGIE McCREA
et al., Appellants, and ANNIE B. EDDY et al.,
Respondents.

*Becker v. McCrea*, 149 App. Div. 211, appeal dismissed.
   (Argued October 29, 1913; decided October 31, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered February 23, 1912, affirming an interlocutory
judgment of Special Term in an action of partition.

*Charles H. Tuttle* and *Harlan F. Stone* for appellants.

*J. Addison Young* and *William S. Beers* for respondents.

Appeal dismissed, with costs, no opinion..
Concur: CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, CHASE, HOGAN and MILLER, JJ.

---

DOMENICO COLAIZZI, Appellant, *v.* PENNSYLVANIA RAILROAD COMPANY, Respondent.

(Submitted October 20, 1913; decided October 31, 1913.)

Motion for re-argument denied, without costs.  (See 208 N. Y. 275.)

---

WILLIAM A. OVERTON, Respondent, *v.* ARLINE A. WILSON, Appellant, Impleaded with Others.

*Overton* v. *Wilson*, 156 App. Div. 22, affirmed.
(Submitted October 20, 1913; decided November 18, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 28, 1913, which affirmed an interlocutory judgment of Special Term in an action of partition.

The following questions were certified: " I. Was the devise of the remainder in the tenth clause of the will of Charles Wilson, a devise to a class to take effect in possession upon the termination of the preceding life estates?

" II. If so, are those persons only entitled to participate in the devise who were members of the class at the time when said preceding life estates terminated ?

" III. If the devise was not to a class, then did Charles E. Wilson, the grandchild of the testator, Charles Wilson, take a vested interest in all or any portion of the property